Luis Arturo Rodríguez, etc., et al., demandantes y recurridos, *v.* Northern Assurance Company of America, demandada y recurrente.

*Número:* R-66-253     *Resuelto:* 12 de febrero de 1969

*Rieckehoff, Calderón, Vargas & Arroyo,* abogados de la recurrente; *Héctor Lugo Bougal, Delia María Auffant* y *Delia Lugo Bougal,* abogados de los recurridos.

Sala Segunda integrada por el Juez Asociado Señor Hernández Matos como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Dávila y Torres Rigual.

PER CURIAM: En 18 de mayo de 1963 la niñita Linnette Rodríguez Forguera, de 6 años de edad, sufrió lesiones al ser arrollada por un vehículo comercial en los momentos en que salía del colegio de enseñanza en donde cursaba el primer grado. La Sala de Ponce del Tribunal Superior concedió compensación por este accidente. En sus conclusiones de hecho la Sala se expresó así:

".     .     .     .     .     .     .     .

2. El día 18 de mayo de 1963, alrededor de las doce del mediodía, en la calle San Joaquín de Adjuntas, el abuelo de la menor, señor Jaime Forguera, esperaba con las puertas de su automóvil abiertas a su nieta, quien en unión a otro hermanito salía del colegio en esos momentos.

3. Numerosos niños caminaban en esos momentos por la acera y el frente del Colegio, mientras otro grupo continuaba saliendo por el portón de dicho Colegio.

4. Cuando la menor se encontraba a escasa distancia de la puerta del automóvil de su abuelo fue arrollada por el camión marca Chevrolet, tablilla C-321-851, propiedad de Cecilio R. Font, Sucrs. y guiado en esos momentos por el empleado de dicha firma, Sixto Irizarry Hernández.

5. Con motivo del impacto la niña fue lanzada violentamente contra el pavimento sufriendo graves lesiones físicas por lo que tuvo que ser recluida en el Hospital de Damas de Ponce, siendo allí atendida por el Dr. Joseph Brinz. Posteriormente dicha menor ha sido examinada por otros médicos y aún a la fecha de

la vista de este caso continuaba bajo tratamiento médico periódicamente.

6. Con motivo del accidente descrito, la menor demandante sufrió una fractura de la base del cráneo de por lo menos cinco centímetros de longitud, según estipulación hechas por las partes.

7. La niña ha continuado bajo tratamiento y sus padres se quejan de haber notado un cambio en su personalidad, consistente en que la niña es altamente irritable y muy olvidadiza. Sufre, además, de fuertes dolores de cabeza, viéndose obligada a ausentarse de sus clases con frecuencia.

El Tribunal concluye que al momento de ocurrir el accidente la menor demandante se encontraba dentro del radio de la visión perisférica para el conductor envuelto en el accidente y concluye que aquél corría a mayor velocidad y sin tomar las precauciones que exigían las circunstancias cuando niños de corta edad, a la hora de salida, abandonan el plantel de enseñanza.

Para la fecha del accidente, la menor Linnette Rodríguez Forguera era una niña de 7 años de edad, saludable y con una perspectiva de una vida útil y normal. Tras el accidente descrito ha habido un significativo cambio en su personalidad, siendo completamente inciertas sus perspectivas de mejoramiento." (1)

Además, como cuestión de derecho, concluyó la Sala que el conductor del vehículo Sixto Irizarry Hernández fue negligente a tenor de la Ley de Tránsito, al conducir su vehículo a mayor velocidad en una zona escolar, mientras salían los niños de la escuela y al tener la oportunidad de ver al niño y no tomar las precauciones para evitar el accidente.

Contra la sentencia que ordenó compensar a la niña y a sus padres, la demandada-recurrente Northern Assurance Co. of America señala en este recurso cuatro errores: (a) el concluir la Sala sentenciadora que el chofer corría a velocidad exagerada sin ninguna prueba que permitiera tal conclusión; (b) el concluir que hubo negligencia del asegurado no obstante ser la única prueba descriptiva del accidente al

---

(1) De la prueba documental de la demandada-recurrente surge que la niña nació el 21 de septiembre de 1957. No tenía 6 años cumplidos a la fecha del accidente.

efecto de que la niña había cruzado súbitamente la calle; (c) el concluir que la recurrente venía obligada a pagar una suma total de $20,511.75 no obstante el límite de su póliza; y (d) el conceder a la niña lesionada una suma en desproporción con las lesiones realmente sufridas por ella.

Después de dictada la sentencia, a petición de la recurrente la Sala hizo la conclusión específica de que bajo la póliza expedida en este caso por la recurrente, la responsabilidad de la compañía tenía un límite de $10,000 por una persona y $20,000 por cada accidente. En su alegato la parte recurrida acepta que la Sala limitó la responsabilidad civil de la recurrente en este caso al límite de $10,000 de su póliza. No existe el tercer error.

En cuanto a los errores (a) y (b), la Sala no concluyó que el chofer corría a velocidad exagerada sino que corría a mayor velocidad en las circunstancias presentes, a la hora de la salida de niños de un colegio cuyas edades, según el récord, fluctuaban entre 7 y 14 años.

En este caso ninguna de las partes ofreció prueba directa sobre la velocidad a que iba el conductor. Al único testigo traído por la parte demandada que aparentemente presenció el accidente, la recurrente no le preguntó sobre la velocidad del vehículo. Dicho testigo dijo que vio el vehículo y le gritó a la niña que no cruzara. No expresó a qué distancia estaba la niña del vehículo al momento en que empezó a cruzar.

Hay prueba, que indudablemente creyó la Sala sentenciadora, al efecto de que se oyó una fuerte frenada y un chirrido de frenos. Está el hecho en el récord de que la niña quedó, después del impacto, a unos 10 a 15 pies al frente del vehículo, aun cuando éste paró de inmediato.

■ Más que un conflicto de prueba este caso presenta una situación en que la evidencia en récord, por las razones que fuera, carece de ciertos otros elementos circunstanciales útiles para que el juzgador forme juicio. Resulta un tanto significativo que la recurrente no ofreciera el testimonio del

*conductor* sobre el accidente, a pesar de que la entidad asegurada y patrono de dicho conductor era parte también demandada. Un examen de toda la evidencia y de las circunstancias presentes no nos autoriza sostener que la Sala sentenciadora no tuvo suficiente base en el récord para sus conclusiones de hecho, o sostener, como exige la Regla 43.1 de Procedimiento Civil, que sus conclusiones son "claramente erróneas," para dejarlas sin efecto según dicha Regla.

Sosteniendo el cuarto señalamiento de error, o sea, la compensación concedida, la recurrente nos refiere a una deposición tomada a la madre de la niña y a la niña que fue ofrecida en evidencia por dicha recurrente, sin objeción de la demandante-recurrida. Hay también, como prueba ofrecida por la demandada-recurrente, lo declarado por el Dr. Brinz. Este facultativo atendió a la niña al ser llevada al hospital y luego la siguió viendo periódicamente porque los padres se quejaban de cambios de personalidad y que la niña estaba irritable, olvidadiza y hablaba mucho.

De la declaración de este médico surge que la inmensa mayoría de los casos con fractura de la base del cráneo proporcionan daño cerebral. La niña llevaba alrededor de 15 a 18 meses y no había mejorado todavía en eso, no podía anticipar que fuera a mejorar o que quedara igual o quizás peor. Dijo que aunque no se conocía el final de la situación se atrevería a decir que la niña podía desarrollar complicaciones que aún no tenía o podía quedarse como estaba. Anticipaba que se quedaría igual o empeoraría.

De un examen realizado por el neurólogo Dr. R. Guzmán López a solicitud de la recurrente en 31 de marzo de 1964, surge, en opinión de este facultativo, que la niña había recobrado de la conmoción cerebral sin residuo orgánico pero que parece haber dejado huellas en la personalidad de ella.

■ Aparte de los criterios facultativos, basta la lectura de la declaración de la niña en la deposición que se le tomara el 7 de abril de 1965 a instancias de la recurrente y sometida

por ésta en evidencia, para que nos demos cuenta que en ese momento había en ella un marcado desajuste, y una apreciable tendencia a la irritabilidad observada por sus padres. No creemos que la compensación de $15,000 dada a la niña en las circunstancias dichas, sea excesiva.

*Se confirmará la sentencia dictada por la Sala de Ponce del Tribunal Superior en 30 de junio de 1966, según quedó enmendada limitando la responsabilidad civil de la recurrente al monto de la póliza.*